IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES A. SMITH-BEY, 424503            \*
          Petitioner,

v.                         \*     CIVIL ACTION NO. GJH-15-1067

WARDEN JOHN WOLFE           \*
JUDGE AMY J. BRAGUNIER
SHERIFF REX W. COFFEY         \*
         Respondents.
                         \*\*\*\*\*

## MEMORANDUM

On April 10, 2015, Maurice El-Bey, who holds himself out as a Public Minister of the Moorish Divine and Moorish Movement/Moorish Temple of Science, filed a "Writ of Habeas Corpus Ad Subjiciendum" on behalf of Charles A. Smith-Bey, an inmate currently confined at the Jessup Correctional Institution ("JCI"). *See* ECF No. 1. The Petition seemingly alleges that Smith-Bey is incarcerated in violation of the "United States Republic Constitution," the "Treaty of Peace and Friendship between Morocco and the United States of America" and the "United Nations Declaration of the Rights of Indigenous Peoples." ECF No. 1. Maurice El-Bey holds himself out as Smith-Bey's authorized representative and appears to allege that in prosecuting Smith-Bey, "government officials superseded their jurisdiction [and] denied lawful due process, redress, recourse and remedy 'at law.'"[1] *Id.* at 7. For reasons to follow, the Writ, construed as a 28 U.S.C. § 1651 action filed under the "All Writs Act," shall be summarily dismissed.[2]

Courts have a duty to raise issues of standing *sua sponte*. *See Biggs v. Best, Best & Krieger*, 189 F.3d 989, 998 n. 7 (9th Cir. 1999). The standing requirement stems from Article III of the

---

[1] Maurice El-Bey refers to a warrant number in a civil case in the Circuit Court for Charles County. The Court, however, finds no civil case associated with Charles Smith-Bey on the state court docket.

[2] The Writ was not accompanied by either the $5.00 fee or an indigency application. Petitioner shall not be required to cure this omission.

United States Constitution ("Article III"), which requires that federal courts adjudicate only actual cases and controversies. *See United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551 (1996). Article III standing is an "indispensable part" of a litigant's case. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Maurice El-Bey may intend to proceed on Smith-Bey's behalf by asserting "next friend" standing. There are two firmly rooted prerequisites for "next friend" standing. First, the "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his or her own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted). While the Court appreciates Maurice El-Bey's concerns, there is no showing that Smith-Bey is unable to prosecute his own claims.[3] Maurice El-Bey has no standing to bring this action on Smith-Bey's behalf.

Further, the legal assertions raised in the Writ are nonsensical. Reduced to its essence, the Writ seemingly claims that Charles Smith-Bey is a "Moorish American" and that, based on his ancestry, the State of Maryland does not have jurisdiction to prosecute and incarcerate him.[4] There is no basis in the law for such a claim. The fact that a group claiming to be "Moorish Americans" has

---

[3] Indeed, Charles Smith-Bey has filed a federal habeas corpus petition on his own behalf. *See Smith-Bey v. Wolfe*, Civil Action No. GJH-15-764 (D. Md.).

[4] The state court docket shows that on March 27, 2014, Charles Arnell Smith, Jr. was convicted in the Circuit Court for Charles County, sentenced to a five year term, and is currently confined in the Division of Correction in Jessup, Maryland. *See State v. Smith*, Case No. 08K100000792 (Circuit Court for Charles County). This Petition states that Charles Smith-Bey, #424503, is currently confined at the Jessup Correctional Institution. The State has confirmed that Charles Arnell Smith, Jr. and Charles Smith-Bey are the same person.

written documents that might support this idea does not establish a valid claim. Moreover, Smith-Bey is not the first person to raise this or similar claims based on an alleged status as a "Moorish American." These claims have been soundly rejected. *See Pitt–Bey v. District of Columbia*, 942 A .2d 1132, 1136 (D. C. 2008); *Ferguson-el v. Virginia*, 2011 WL 3652327 (E.D. Va. 2011); *Albert Fitzgerald Brockman–El v. N.C. Dep't. of Corr.*, 373 Fed. Appx. 332 (4th Cir. 2010) (appeal dismissed for lack of a substantial showing of the denial of a constitutional right).

The Court knows of no instance where the United States has recognized the so-called "Moorish/Muurish Nation" as a sovereign. Because it plainly appears that Smith-Bey is not entitled to any relief in this Court, the Writ shall be dismissed for lack of federal court subject-matter jurisdiction. A separate Order follows.

4/22/2015
_____
Date

_____
George J. Hazel
UNITED STATES DISTRICT JUDGE